**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**                          CR **06-875-R**

Defendant **LEONARD MARCU**                              S.S.#-------**0271**

Residence: **Metropolitan Detention Center**     Mailing: **SAME**
            **535 Alameda Street**
            **Los Angeles, Ca 90012**

---

**JUDGMENT AND PROBATION/COMMITMENT ORDER**
AFTER REMAND U.S.C.A. 9TH CIRCUIT FOR RE-SENTENCING

---

In the presence of the attorney for the government, the defendant appeared in person, on: **August 30, 2010**
                                Month / Day / Year

COUNSEL:
____ WITHOUT COUNSEL
     However, the court advised defendant of right to counsel and asked if defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.
**XX** WITH COUNSEL **Robison Harley, appointed**

X PLEA:
**XX** GUILTY, and the Court being satisfied that there is a factual basis for the plea.

FINDING:
There being a finding of **XX** GUILTY, defendant has been convicted as charged of the offense(s) of: Possession of Child Pornography in violation of Title 18 USC 2252A(a)(5)(B) as charged in single-count information.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgement of the court the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of:
Ninety-five (95) months.
IT IS FURTHER ADJUDGED that upon release from imprisonment defendant shall be placed on supervised release for ten (10) years, under the following terms and conditions: the defendant 1) shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; 2) shall refrain from any unlawful use of a controlled substance, and shall submit to 1 drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, not to exceed 8 tests per month, as directed by the Probation Officer; 3) shall participate in outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer, and shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision; 4) during the course of supervision, with the agreement of the defendant and defense counsel, the Probation Officer may place the defendant in a residential treatment program approved by the Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to

-- GO TO PAGE TWO --                              ____WH_____
                                                              Deputy Clerk

```
U.S.A. V. LEONARD MARCU                                      CR 06-875-R
-- CONTINUED FROM PAGE ONE --                                   PAGE TWO
```
======================================================================
## JUDGMENT AND PROBATION/COMMITMENT ORDER
### After Remand U.S.C.A. 9th Circuit for Re-Sentencing
======================================================================

 determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer; 5) shall as directed by the Probation Officer pay all or part of the costs of treating the defendant's drug dependency to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672, and the defendant shall provide payment and proof of payment as directed by the Probation Officer; 6) shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; 7) shall cooperate in the collection of a DNA sample from the defendant; 8) shall register with any local and/or state sex offender registration agency in any state where the defendant resides, is being supervised, is employed, carries on a vocation, or is a student, as directed by the Probation Officer; the defendant shall provide proof of registration to the Probation Officer within three days of release from imprisonment; 9) shall participate in a psychological/psychiatric counseling and/or a sex offender treatment program; the defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and psychological testing, such as polygraph, plethysmograph, and Abel testing, and shall take all prescribed medication; 10) shall as directed pay all or part of the costs of the defendant's sex offender treatment or psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672; shall provide payment and proof of payment as directed by the Probation Officer; 11) shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing 'sexually explicit conduct' as defined at 18 USC 2256(2); 12) shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography as defined at 18 USC 2256(8); 13) shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18; 14) shall not, without prior approval of the Probation Officer, affiliate with, own, control, and/or be employed in any capacity by a business, organization, and/or volunteer activity that causes him to regularly contact persons under the age of 18; 15) shall not, without prior approval of the Probation Officer, affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing 'sexually explicit conduct' as defined at 18 USC 2256(2); 16) the defendant's employment shall be approved by the Probation Officer, and any change in employment shall be pre-approved by the Probation Officer, and the

-- GO TO PAGE THREE --

```
                                                    ____WH_____
                                                       Deputy Clerk
```

==============================================================
**JUDGMENT AND PROBATION/COMMITMENT ORDER**
**After Remand U.S.C.A. 9th Circuit for Re-Sentencing**
==============================================================

 defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change; 17) shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18, and the defendant's residence shall be approved by the Probation Officer, and any change in residence shall be pre-approved by the Probation Officer, and the defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move; 18) shall use only those computers and computer-related devices, screen-user names, passwords, e-mail accounts, and internet service providers (ISPs) as approved by the Probation Officer; computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs) internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, other computers, or similar media; 19) shall not access or possess any computer or computer-related devices in his home in any manner or for any purpose without approval of the Probation Officer; 20) shall not possess or use a computer with access to any on-line service at any location (including his place of employment) without the prior approval of the Probation Officer; this includes access through any internet service provider, bulletin board system, or any public or private computer network system; the defendant shall not have another individual access the internet on his behalf to obtain files or information which he is restricted from accessing himself, or accepting restricted files or information from another person.

    IT IS FURTHER ORDERED that all fines and costs of imprisonment are waived.
    IT IS FURTHER ORDERED that defendant pay a special assessment of $100.00, which is due immediately.
    IT IS FURTHER ORDERED that any underlying complaint is dismissed as to this defendant.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed.  the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by:  District Judge _____
                           **MANUEL L. REAL**

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                        Terry Nafisi, Clerk of Court

Dated/Filed    August 30, 2010      By_____/S/_____
               Month / Day / Year        William Horrell, Deputy Clerk

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution- pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

|  |  |  |  |
|---|---|---|---|
| Defendant delivered on | | to | |
| Defendant noted on appeal on | | | |
| Defendant released on | | | |
| Mandate issued on | | | |
| Defendant's appeal determined on | | | |
| Defendant delivered on | | to | |
| at | | | |

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

_____    _____
Date                                              Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

_____    _____
Filed Date                                        Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
               Defendant                                    Date


_____    _____
U. S. Probation Officer/Designated Witness         Date

Case 2:06-cr-00875-R   Document 52   Filed 08/30/10   Page 6 of 6   Page ID #:209